IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALLEN ROY MILLER, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-2826 |
| | § | |
| HOUSTON POLICE DEPARTMENT, ET AL., | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Pending before the Court are the motions to dismiss filed by defendant Chief of Police Charles McClelland, Jr. ("McClelland") (Docket Entry No. 63) and defendants Harris County, the Harris County Sheriff's Department, and Harris County Sheriff Tommy Thomas (the "Harris County Defendants") (Docket Entry No. 62). Plaintiff responded to both motions, and filed a motion to dismiss the motions to dismiss. (Docket Entries No. 64, 71.)

After carefully reviewing the motions, the responses, the record, and the applicable law, the Court DENIES the motions to dismiss for the reasons that follow.

*Background*

In his third amended complaint (Docket Entry No. 55), plaintiff complains that he was charged with a felony theft offense on September 26, 2007, under case number 1134729 in the 208th District Court of Harris County. He remained in jail under the charges until they were dismissed on February 29, 2008. Plaintiff seeks monetary compensation for false arrest, malicious prosecution, false imprisonment, conspiracy, retaliation, and intentional infliction

of emotional distress, as well as claims for violations of due process and equal protection, arising from the investigation and prosecution of the dismissed criminal charges.

Defendants McClelland and the Harris County Defendants assert motions to dismiss under Rule 12(b)(6) for plaintiff's failure to state a claim upon which relief may be granted.

*Analysis*

McClelland and the Harris County Defendants move for dismissal of plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, a state inmate's section 1983 lawsuit for damages is barred if a judgment in favor of the inmate would necessarily imply invalidity of his criminal conviction or sentence, unless the inmate shows that the conviction or sentence has been reversed, set aside, or otherwise judicially called into question. In support of their motions, the defendants argue that plaintiff pleaded guilty to felony theft in case number 1166784 in the 262nd District Court of Harris County on June 26, 2008, and was sentenced to five years imprisonment.

In response to the motions, plaintiff argues that the instant lawsuit is not based on his conviction or pretrial custody in case number 1166784, but rather, on his incarceration from September 26, 2007, to February 29, 2008, under the theft charges in case number 1134729 that were dropped on February 29, 2008.

In their motions to dismiss, defendants do not address plaintiff's claims regarding his incarceration under case number 1134729. The judgment in case number 1166784, which

forms the basis of the defendants' motions to dismiss, does not encompass the time frame giving rise to plaintiff's claims in this lawsuit.[1] Accordingly, defendants do not show that plaintiff's claims regarding case number 1134729 are barred by his guilty plea in case number 1166784.

*Conclusion*

The motions to dismiss (Docket Entries No. 62, 63) are DENIED.

The motion to dismiss the motions to dismiss (Docket Entry No. 64) is DENIED AS MOOT.

The Clerk will provide copies of this order to the parties.

Signed at Houston, Texas, on March 22, 2011.

                                              Gray N. Miller
                                    United States District Judge

---

[1] The criminal judgment reflects that plaintiff was credited with pretrial jail time from May 12, 2008, to June 26, 2008. Plaintiff's instant claims arise from his incarceration from September 26, 2007, to February 29, 2008.