## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ALLEN ROY MILLER, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-2826 |
| | § | |
| HARRIS COUNTY, *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Allen Roy Miller, former Texas Department of Criminal Justice inmate #1569565, #1089868, #1011917, and #693978, and in custody of the Harris County Jail at the time this lawsuit was filed, filed a fourth amended *pro se* section 1983 complaint (Docket Entry No. 104) seeking $10 million actual and $30 million punitive damages against the following defendants: Brantley Trucking, Inc., Max Humble, Mrs. Humble, and William Keith Ezernack (collectively the "Brantley Defendants");[1] Harris County,[2] Sheriff Adrian Garcia, former Sheriff Tommy Thomas, and deputies C.A. Leithner, W.P. Smith, FNU Melcer, FNU Wilkie, and C.R. Gore (collectively "the Harris County Defendants"); and the Harris County District Attorney's Office, former District Attorney Chuck Rosenthal, an unnamed assistant district attorney, and assistant district attorney M. Stroud (collectively the

---

[1]Plaintiff withdrew his claims against various City of Houston entities and officials. (Docket Entry No. 125.)

[2]Plaintiff withdrew his claims against the Harris County Sheriff's Department. (Docket Entry No. 135, p. 1.)

"District Attorney Defendants"). Plaintiff sues the defendants in their official and individual capacities.

Service was effected on, and an answer filed by, defendants Harris County, Adrian Garcia, and Tommy Thomas. Pending before the Court is the motion for summary judgment filed by these defendants (Docket Entry No. 122), and the response in opposition filed by plaintiff (Docket Entry No. 135).

After carefully reviewing the pleadings, the record, and the applicable law, the Court GRANTS the motion for summary judgment, DISMISSES the remainder of plaintiff's claims, and DISMISSES this lawsuit for the reasons that follow.

### Factual Background and Claims

Defendants and plaintiff have submitted as summary judgment evidence the same set of incident investigation records from the Harris County Sheriff's Department: Incident Report No. 07-101030 regarding an assault case, and Incident Report No. 07-99378 regarding a theft case. These records show that, on September 11, 2007, the Brantley Defendants reported to Harris County Deputy J.A. Mook that plaintiff "ha[d] not returned a company vehicle." (Docket Entry No. 122-1, p. 3.) The incident was designated as an unauthorized use of a motor vehicle and opened as Incident Report No. 07-99378. *Id.* Deputy Mook stated in the initial report as follows:

> On Tuesday, 11 September 2007, at approximately 1155 hours, I was dispatched to 7800 Wright Road in reference to a vehicle theft. Upon my arrival, I met with the reportee, William Keith Ezernack, who advised [that] Allen Roy Miller, a new employee, was dispatched to Oklahoma yesterday at

2

approximately 1400 hours, to pick up a load.  He left in a black 2001 Peterbuilt [sic] tractor, Texas plate R6JN08, pulling a trailer.  The trailer was located today at a truck stop near Beltway 8 and Highway 59.  Mr. Ezernack stated that the usual route would be to use US 290 and that Mr. Miller had gotten $200 using a Comdata credit card[.]  He also had a company cellular phone [number deleted], which he is not answering.

I advised Mr. Ezernack that a 10 day letter of demand would have to be sent to his last address requesting the truck and property back.  I also described the process after the letter was sent.

I furnished Mr. Ezernack with this case number for future reference.

This case is open.

*Id.*, p. 5.  The case was assigned to Detective Sergeant W.P Smith, who contacted Ezernack

on September 13, 2007, and explained to him that the Harris County District Attorney's

Office would require a ten-day demand letter prior to accepting theft charges because

plaintiff had been given keys and permission to operate the truck.  Ezernack agreed to send

the letter and contact Smith with the results.  Smith noted that the "case was suspended until

demand letter notification and verification is received."  *Id.*, p. 6.  On September 26, 2007,

Smith supplemented the incident report with the following:

This reporting detective sergeant was conducting a follow-up investigation on this case and contacted the complainants in this case to see if they had received their receipt from sending their demand letter to the listed suspect demanding the listed vehicle be returned to them.  Complainants advised that complainant, Humble, had observed the listed suspect in the vehicle on 9-14-07 at 12303 Eastex Freeway.  When he confronted the suspect the suspect hit the complainant, Humble, in the mouth and attempted to flee the scene in the stolen vehicle but was apprehended at the scene.  He was arrested and charged with assault in HSCO case #07-101030.  The vehicle was recovered and released at the scene to the complainant but no theft charges were filed at the

time.  Officers at the scene noted in their report that the complainant had advised them of this UUMV report.

After reviewing these facts this reporting detective sergeant re-contacted the complainants and asked if they wanted to pursue theft charges on the suspect. They advised they thought that was what he was filed on for and when explained that the suspect was only filed on assault charges they advised they wanted to pursue theft charges on the suspect for the theft of the truck.

This reporting detective sergeant then contacted Harris County ADA M. Stroud and explained the facts of this case and she advised she would accept charges of felony theft on the listed suspect.  Since he was still in the HSCO Jail due to be released at midnight tonight, charges were filed under DIMS transaction #1325390, in custody.  This reporting detective sergeant confirmed with Desiree at the DA's office that she received the DIMS and the status of the suspect in jail at this time but due to be released and she advised she would make sure the charges were processed before the suspect was released.  This reporting detective sergeant also advised HSCO central records, Ms. Butler, was also advised of these new charges being filed and was provided the DIMS transaction number to insure the suspect wouldn't be released prior to these new charges being processed.

Case closed – charges filed. . . . . .   DIMS transaction #1325390.

*Id.*, p. 9.

Records for the assault case, Incident Report No. 07-101030, show that on September 14, 2007, plaintiff was arrested by Deputy C.R. Gore for the assault of Max Humble at 12303 Eastex Freeway.  The report identified three individuals – plaintiff, Max Humble, and a witness Seane Beatty.  *Id.*, p. 10.  Gore reported that,

I found the scene to be a 2001 black Peterbilt truck bearing TX plates R6JN08. The vehicle was located in the parking lot of a business at 12303 Eastex, which is a public roadway that runs north and south.  The business is located on the west side of the roadway with the vehicle parked on the north side of the business.  Visibility will be adequate at time of report due to artificial overhead lighting.

4

On 9-14-2007, I Deputy Gore (Unit 42N21) was on patrol in Harris County, Texas.  On today's date at approximately 2214 hours I was dispatched to 12303 Eastex in reference to a possible weapons disturbance.

Upon arrival I met with deputies Wilkie (Unit 50T32) and Melcer (Unit 50T21) both of which advised they had one male detained who was involved in an altercation.

At this time I met with the complainant, [Max] Humble.  Mr. Humble advised that he hired the defendant Allen Miller to drive one of his trucks to Oklahoma to pick up a load.  Mr. Humble advised that he received a phone inquir[y] about why his truck never arrived in Oklahoma to pick up the load he requested.  Mr. Humble advised that he then contacted the Harris County Sheriff's Office about the incident who in turn provided him with a case number (07-99378) for a UUMV report.  Mr. Humble advised that he then sent the defendant a 10-day letter of demand on 9-14-07.

Mr. Humble advised that he observed his vehicle tonight and when he approached to make sure it was his, he observed the defendant to be inside of the vehicle.  Mr. Humble advised that he then got into a verbal dispute with the defendant, Allen Miller, as to why he never did his job as well as why he did not return his truck.  Mr. Humble advised that the defendant then attempted to leave the scene.  Mr. Humble advised that he grabbed the defendant in an effort to detain him at the scene until police arrived.  Mr. Humble advised that during this time the defendant pulled away and immediately struck him in the mouth with a closed fist causing him pain with visible injuries.  Mr. Humble advised that he was struck a second time in the face causing him pain as well.  Mr. Humble advised that he feared the defendant was going to continue to assault him and then flee the scene with his vehicle.  Mr. Humble advised that in order to prevent further assault and theft of his vehicle he defended himself until police arrived on scene a short time later.

I spoke with the witness, Seane Beatty who advised that he was driving through the parking lot when he observed an unidentified male striking another male in the face.  Mr. Beatty advised that he observed the defendant strike the complainant several times before the complainant defended himself.  The witness was able to identify the male detained as the same male he observed striking the complainant.

The complainant took over custody of his truck and called for a heavy duty wrecker (owner's request).

I contacted the Harris County DA['s] Office and spoke with ADA Hill who was advised of the incident.  ADA Hill advised that he would accept the charge of assault.

I observed the complainant to have redness, swelling and a small amount of blood to his mouth.

The defendant was placed into custody and transported to the Will Clayton Substation for booking without incident.

No further information.  Case closed, charges filed under DA Log #1322019.

*Id.*, p. 12.  In a supplemental report dated September 19, 2007, Sergeant C.A. Leithner

reported as follows:

On Tuesday, 09-18-07, Sergeant C.A. Leithner (U-60H10), assigned to the Homicide/Assault Detail of the Harris County Sheriff's Office, received the above listed offense report for review.  DETAILS OF OFFENSE: Upon review of the offense report I found the reporting deputy responded to a call of a reported WEAPONS DISTURBANCE.

The deputy notes that upon his arrival at the scene he was advised by other responding deputies that a male subject had been detained with reference to the assault.  This male was identified as ALLEN MILLER W/M [DOB] hereafter referred to as the SUSPECT.

During his investigation the deputy found the listed complainant in this case, [MAX] HUMBLE, had hired the suspect to take one of the complainant's trucks to Oklahoma and pick up some material needed by the complainant.  The complainant soon learned the suspect did not drive to Oklahoma to pick up the material nor did he return the complainant's vehicle.

On the date of the offense the complainant observed his vehicle and upon confronting the suspect, who was inside the vehicle, the suspect assaulted the complainant.

> After concluding with the investigation the deputy contacted the Harris County
> District Attorney's Office where the facts of the investigation were reviewed
> with A.D.A. Hill, who upon review, advised that charges of Assault–Bodily
> Injury would be accepted in this case on the suspect.
>
> The suspect was taken into custody and transported to the Humble sub-station
> of the Harris County Sheriff's Office for booking into the Harris County Jail.

*Id.*, p. 13.  A follow-up report by W.P. Smith, dated September 26, 2007, stated "See HCSO

Case #07-99378 for additional charge of felony theft (DIMS #1325390)."  *Id.*, p. 15.  An

information was filed September 15, 2007, charging plaintiff with the assault of Max

Humble.  (Docket Entry No. 122-2, p. 1.)  Plaintiff pleaded guilty to the assault charge under

cause number 1480224 on September 17, 2007, and was sentenced to thirty days in Harris

County Jail.  (Docket Entry No. 122-3, p. 1.)

A complaint was sworn out against plaintiff for theft of the truck on September 26,

2007.  (Docket Entry No. 122-4, p. 1.)  The grand jury returned an indictment against

plaintiff for the theft on November 8, 2007.  The indictment included enhancement

paragraphs for a 1994 conviction for possession of a controlled substance and a 2002

conviction for felony theft.  (Docket Entry No. 122-5, p. 1.)  The truck theft charge was

dismissed on February 29, 2008, upon the prosecution's motion.  (Docket Entry No. 122-6,

p. 1.)

In addition to the investigation report records, plaintiff submits his own affidavit, in

which he testifies in relevant part as follows:

> In September of 2007, I was employed as a commercial truck driver for
> Brantley Trucking and assigned to their Houston Office.  As part of my

employment with Brantley Trucking as a 'long-haul' truck driver, I was permanently assigned to drive a Black 2001 Peterbuilt [sic] Truck with Texas plates R6JN08.  On September 12, 2007, I was involved in a dispute with my supervisor, Max Humble, over being ordered to commit unsafe and illegal acts as part of my employment.  As a result of this dispute, I informed Max Humble that I would be filing a complaint with the Federal Department of Transportation over the illegal conduct of management.

On September 14, 2007, at approximately 10:00 p.m. I was awaken [sic] by Max Humble who had entered my assigned company truck and pointed a firearm at my head.  I was ordered to get out of the truck and threatened with death if I did not comply.  Upon exiting the truck I was forced to get on my knees while Max Humble continued to point his firearm at me.  As I was kneeling down in front of the truck I noticed a female who was with Max Humble, talking on her cell phone providing an account of the current situation.  I was told by Mr. Humble that she had called the police and they were on their way.  Just before the police arrived, Max Humble gave his firearm to his female companion, who I believe to be his wife, who quickly ran to a nearby car, placing the firearm inside.  At this point I was involved in a physical altercation with Max Humble.

Three deputies from the Harris County Sheriff's Office arrived and initially placed Max Humble in hand cuffs.  Max Humble and his female companion told police that I had stolen their truck and assaulted them when they tried to recover it.  During the on scene investigation I told all 3 deputies about Max Humble entering the truck with a firearm and threatening to shoot me if I did not obey his orders.  The lead deputy, believed to be deputy C.R. Gore, refused to file my complaint and charge Max Humble with any crime.  C.R. Gore stated to me that Max Humble and his 'wife' were filing a complaint against me for assault and he could not also file additional charges against them.  Theft charges were refused and I was taken into custody and charged with assault with bodily injury.  I [was] booked into the Harris County Jail on September 15, 2007 in cause no. 1480224.

At no time during the confrontation of September 14, 2007 did I try to flee the scene or attempt to drive away in my assigned company truck.

On September 17, 2007 I agreed to plead guilty to assault with bodily injury (CAUSE NO. 1480224) in order to resolve all complaints regarding September

14, 2007.  As a result of this agreement with the Harris County District Attorney's Office, I was sentenced to 30 days for assault with bodily injury.

On September 26, 2007, the day I was to be released in cause no. 1480224, a hold was placed against me, by the Harris County Sheriff's Office, in cause no. 1134729 (theft 20,000–100,000).  This charge filed by deputy W.P. Smith was also initiated by Max Humble and was in reference to my assigned company truck[.] Once in CCR 208 I repeatedly told prosecutors that about the previous arrest and complaint and asked to file charges against Max Humble.  I was told by the prosecutors that in CCR 208 that cross complaints were not accepted. While going to court on cause no. 1134729 I was repeatedly threatened with a life sentence if I did not plead guilty.  On February 29, 2008 cause no. 1134729 was dismissed and I was released.

Beginning on September 28, 2007, after making my first court appearance in cause no. 1134729, I contacted Sheriff Tommy Thomas 3 times, providing a detailed summary of the events beginning with the violent attack by Max Humble on September 14, 2007.  I explained that the events of September 14, 2007 had been resolved on September 17, 2007 in cause no. 1480224 but now cause no. 1134729 had been filed by Deputy Smith and the allegations contradicted the complaint in cause no. 1480224.  I asked for charges to be filed against Max Humble and for a full investigation into the conducted [sic] and acts of his deputies.  I asked that the 911 tapes be seized and reviewed.

During my 6 [sic] month incarceration in cause no. 1134729, all of my attempts to resolve my complaints and requests were ignored.

(Docket Entry No. 135, pp. 19-20.)

Plaintiff also submits purported excerpts of a 911 phone call placed by an unknown caller on September 14, 2007, which included comments of, "Peterbilt R6JN08," "person that stole the truck is being detained . . . female is getting the keys out of the truck," "Unk if person has weapons," "WM . . . brown curly hair . . . shorts," "Brantley Trucking," "by the carwash," "Allen Miller is person that stole the 18 wheeler. . . doesn't know why he stole it," "trying to run," "fighting between owner and the male," and "more people is involved."

(Docket Entry No. 135-1, p. 8.)  Other telephone calls to police regarding the incident noted "fight going on over a stolen 18 wheeler, rep one of the males has a gun, rep sounded intox"; "2 males arguing [and] 1 female arguing in back of Krogers across st from Exxon / man was in back working on a diseal [sic] trk / some said he had a gun / no other description avail." *Id.*, pp. 10, 12.

### Standard of Review

A court will, on a motion for summary judgment, render judgment if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).  When a motion for summary judgment is made and supported, an adverse party may not rest upon mere allegations or denials but must set forth specific facts showing there is a genuine issue for trial.  *Ray v. Tandem Computers, Inc.*, 63 F.3d 429, 433 (5th Cir. 1995); Fed. R. Civ. P. 56.[3]

Both movants and non-movants bear burdens of proof in the summary judgment process.  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  The movant with the burden of proof at trial must establish every essential element of its claim or affirmative defense.  *Id.* at 322.  In so doing, the moving party without the burden of proof need only point to the

---

[3]Effective December 1, 2010, Rule 56 was amended. Although there is a slight language change and a change in the designation of subsections, the legal standard remains the same.  *See* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

absence of evidence on an essential element of the non-movant's claims or affirmative defenses. *Id*. at 323–24. At that point, the burden shifts to the non-moving party to produce evidence in support of its claims or affirmative defenses, designating specific facts showing that there is a genuine issue for trial. *Id*. at 324. The non-moving party must produce specific facts showing a genuine issue for trial, not just general allegations. *Tubacex v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995).

In deciding whether to grant summary judgment, the Court should view the evidence in the light most favorable to the party opposing summary judgment and indulge all reasonable inferences in favor of that party. The Fifth Circuit has concluded that "[t]he standard of review is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the evidence before the court." *James v. Sadler*, 909 F.2d 834, 837 (5th Cir. 1990). To the extent facts are undisputed, the Court may resolve the case as a matter of law. *Blackwell v. Barton*, 34 F.3d 298, 301 (5th Cir. 1994).

Although plaintiff is proceeding *pro se*, the notice afforded by the Federal Rules of Civil Procedure and the local rules is considered sufficient to apprise a *pro se* party of his burden in opposing a motion for summary judgment. *See Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992).

*Analysis*

*Official Capacity Claims*

Plaintiff sues defendants Garcia and Thomas in their individual and official capacities. To the extent they are sued in their official capacity, plaintiff's claims fail. Garcia and Thomas are officials or employees of Harris County. A suit against a government official or employee in his official capacity is actually a suit against the governmental entity that employs him. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996). To establish liability under section 1983 in an official capacity action, a plaintiff must show that an official government policy or custom was the moving force behind the alleged civil rights deprivation. *See*, *e.g.*, *James v. Harris County*, 577 F.3d 612, 617-18 (5th Cir. 2009).

Plaintiff sets forth no factual allegations in his fourth amended complaint showing that an official government policy or custom was the moving force behind his asserted civil rights deprivations, and defendants Garcia and Thomas are entitled to summary judgment dismissal of plaintiff's official capacity claims against them. The claims are DISMISSED.

*Liability of Harris County*

A local government, such as defendant Harris County, is liable under section 1983 only when the violation of a plaintiff's constitutional rights is the result of an official policy or practice. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *Worsham v. City of Pasadena*, 881 F.2d 1336, 1339 (5th Cir. 1989). Government entities

12

may be directly sued under section 1983 if "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or discussion officially adopted and promulgated by that body's officers."  As recognized by the Fifth Circuit Court of Appeals,

> To establish county/municipal liability under section 1983. . . a plaintiff must demonstrate a policy or custom which caused the constitutional deprivation. A municipality may not be held strictly liable for the acts of its non-policymaking employees under a *respondeat superior* theory.  It cannot be held liable solely because it employs a tortfeasor.  Rather, only when the execution of a county's policies or its customs deprives an individual of constitutional or federal rights does liability under Section 1983 result.

*Colle v. Brazos County*, 981 F.2d 237, 244 (5th Cir. 1993).

In the motion for summary judgment, defendant Harris County moves for summary judgment dismissal of plaintiff's claims against the county based on plaintiff's failure to plead facts, or meet his burden of proof, under *Monell*.  A careful review of plaintiff's fourth amended complaint fails to reveal any factual allegations by plaintiff that he was denied a constitutional right as the result of an official policy or practice by Harris County.  Moreover, plaintiff presents no probative summary judgment evidence of a constitutional violation that was the result of an official policy or practice by Harris County.  Plaintiff's argument in his response to the motion for summary judgment that a policy or custom of not filing cross-complaints violated his constitutional rights is of no moment; plaintiff has no constitutional right to have criminal prosecution initiated against Humble or any other person or party.  *See Lewis v. Jindal*, 368 F. App'x 613, 614 (5th Cir. 2010) ("It is well settled that the decision

whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to compel criminal prosecution."). Nor does plaintiff present any probative summary judgment evidence of a policy or custom of "tailoring the investigation to favor the initial complainant" that was the moving force behind a violation of his constitutional rights. (Docket Entry No. 135, p. 7.)

Defendant Harris County is entitled to summary judgment on this issue, and plaintiff's claims against Harris County are DISMISSED.

*Liability of Defendants Garcia and Thomas*

Plaintiff also sues Harris County Sheriff Adrian Garcia and former Sheriff Tommy Thomas in their individual capacities.

Garcia is the Sheriff,  and Thomas a former Sheriff, of Harris County.  As such, they are government officials who may be sued in their official and/or individual capacities. *Hafer v. Melo*, 502 U.S. 21 (1991); *Kentucky v. Graham*, 473 U.S. 159 (1985).  Supervisory officials may be held liable in their individual capacity only if they (i) affirmatively participate in acts that cause a constitutional deprivation, or (ii) implement unconstitutional policies that causally result in plaintiff's injuries.  *Mouille v. City of Live Oak, Texas*, 977 F.2d 924, 929 (5th Cir. 1992).  Supervisory officials cannot be held vicariously liable for their subordinates' actions.  *Id.*; *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978).  Personal involvement is an essential element of a civil rights cause of action.  *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983).

14

Plaintiff asserts that Thomas "had direct knowledge [that] deputy Smith knowingly lied and mis-represented facts" and that he "knew Deputy Smith had fabricated a false charge but did nothing to prevent the plaintiff's incarceration for nearly six months." (Docket Entry No. 135, p. 8.)  This does not constitute the prerequisite "affirmative participation" in acts causing a constitutional deprivation.  Further, plaintiff presents no probative summary judgment evidence of any personal involvement by Garcia or Thomas and establishes no factual basis for imposing liability on either of these individuals.  Indeed, Garcia did not take office as sheriff until January 1, 2009, long after the events made the basis of this lawsuit.

Accordingly, Garcia and Thomas are entitled to summary judgment dismissal of plaintiff's claims against them, and the claims are DISMISSED.

In the interest of thoroughness, the Court will address plaintiff's specific claims against these dismissed defendants, as the claims are without merit.

*Double Jeopardy*

Plaintiff claims that Garcia and Thomas violated his constitutional protections against double jeopardy.  He does not, however, separately address this claim in his response to the motion for summary judgment.

The double jeopardy clause prohibits a second prosecution for the same offense after conviction or acquittal and protects against multiple punishments for the same offense.  Plaintiff alleges that, because he pleaded guilty to assault, he could not be charged with theft as both offenses arose from the same incident on September 14, 2007.  Assault and theft,

however, are two different criminal offenses, and neither of the offenses is a lesser included offense of the other.  Nor does plaintiff present any probative summary judgment evidence that Garcia or Thomas were part, either legally or factually, of the decision to accept and prosecute the theft charge against plaintiff.  The record clearly shows that the criminal charge for theft was accepted and brought by the Harris County District Attorney's Office, specifically by assistant district attorney M. Stroud, not Garcia or Thomas, and plaintiff presents no probative summary judgment evidence to the contrary.  (Docket Entry No. 122-1, p. 9.)

Movants are entitled to summary judgment dismissal of plaintiff's double jeopardy claim, and the claim is DISMISSED.

*Equal Protection*

Plaintiff complains that movants refused to investigate his claims that Max Humble committed criminal offenses against him on September 14, 2007, or to prosecute Humble for the alleged offenses.  According to plaintiff, these refusals violated his constitutional right to be treated equally under the law.

To state a claim under the equal protection clause, a section 1983 plaintiff must allege that a state actor intentionally discriminated against him because of membership in a protected class.  *Sir Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999).  Plaintiff makes no assertion that he is a member of a constitutionally protected class, nor does he plead and prove with probative summary judgment evidence a "class of one" equal protection claim

16

under *Village of Willowbrook v. Olech*, 528 U.S. 562, 564  (2000).  Moreover, a private citizen such as plaintiff enjoys no constitutional right to have criminal charges investigated or brought against another individual.  *See Lewis v. Jindal*, 368 F. App'x 613, 614 (5th Cir. 2010).

Movants are entitled to summary judgment dismissal of plaintiff's claim for denial of equal protection under section 1983, and the claim is DISMISSED.

*Cruel and Unusual Punishment*

Plaintiff further asserts that movants held him in jail for five months under theft charges they knew were false.  The record shows that the theft charges were filed on September 26, 2007, the grand jury indicted plaintiff for theft on November 8, 2007, and that the charges were dismissed on the State's own motion on February 29, 2008.

As the basis for his claim of cruel and unusual punishment, plaintiff alleges in his fourth amended complaint that, "The act of filing and pursuing a false [theft] complaint was intended to hand out more punishment then [sic] what was agreed upon on September 17, 2007."  (Docket Entry No. 104, p. 24.)  To the extent plaintiff is attempting to raise a Fourteenth Amendment due process claim as to his pretrial detention, it fails for lack of probative summary judgment evidence.  In making his factual assertion, plaintiff again presents no probative summary judgment evidence that the State had agreed not to pursue a theft charge in exchange for plaintiff's plea to the assault charge.  Further, he presents no

probative summary judgment evidence of a policy or practice that was the moving force behind a constitutional violation, or of any personal involvement by Garcia or Thomas.

Movants are entitled to summary judgment dismissal of plaintiff's claim for cruel and unusual punishment, and the claim is DISMISSED.

*Negligent Hiring, Training, and Supervision*

By claiming that movants were negligent in the hiring, training, and supervision of employees, plaintiff fails to assert an issue of constitutional or federal dimension necessary to raise a section 1983 claim. Liability for an action pursuant to section 1983 must be based on constitutional violations, not mere negligence. *Daniels v. Williams*, 474 U.S. 327, 332–33 (1986); *see also Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995) (holding that the negligent deprivation of a constitutional right does not give rise to a section 1983 claim). Consequently, plaintiff's negligence-based claims fail to set forth viable section 1983 claims.

A municipality can be liable for failure to train its employees when the failure shows a deliberate indifference to the rights of its citizens. *Sanders-Burns v. City of Plano*, 578 F. 3d 279, 290 (5th Cir. 2009). "Deliberate indifference is more than mere negligence." *Id*. at 291. Plaintiff must show that, "in light of the duties assigned to specific officers or employees, the need for more or different training is obvious, and the inadequacy so likely to result in violations of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *Id.* Plaintiff fails to meet this

18

burden, and his conclusory allegations are insufficient to raise a genuine issue of material fact precluding summary judgment under these claims.

Movants are entitled to summary judgment dismissal of plaintiff's section 1983 claims for negligent hiring, training, and supervision and all other negligence-based claims, and the claims are DISMISSED.

### Intentional Infliction of Emotional Distress

Plaintiff avers that Garcia and Thomas are liable for the intentional infliction of emotional distress.  As with his negligence-based claims, this intentional tort claim is not based in the violation of a constitutional or federal protection, and fails to state a viable section 1983 claim.

Movants are entitled to summary judgment dismissal of plaintiff's section 1983 claim for the intentional infliction of emotional distress, and the claim is DISMISSED.

### Malicious Prosecution

Plaintiff next claims that one or more of the movants are liable for malicious prosecution and false imprisonment because the theft charges were false.

Plaintiff's section 1983 claims for malicious prosecution are untenable, as there is no recognized free standing constitutional claim for malicious prosecution.  *See Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003).  As stated by the Fifth Circuit in *Castellano*,

> [C]ausing charges to be filed without probable cause will not without more violate the Constitution.  So defined, th assertion of malicious prosecution states no constitutional claim[.]

> The initiation of criminal charges without probable cause may set in force events that run afoul of explicit constitutional protection – Fourth Amendment if the accused is seized and arrested, for example, or other constitutionally secured rights if a case is further pursued. Such claims of lost constitutional rights are for violation of rights specifically locatable in constitutional text, and some such claims may be made under 42 U.S.C. § 1983, Regardless, they are not claims for malicious prosecution and labeling them as such only invites confusion.

*Id.*, at 953-54. Thus, to the extent plaintiff complains that one or more of the movants subjected him to detention for malicious purposes, this allegation fails to state a valid claim under section 1983. Movants are entitled to summary judgment dismissal of this claim, and the claim is DISMISSED.

### *False Imprisonment and/or Unlawful Detention*

Plaintiff alleges that movants violated his Fourth Amendment rights by fraudulently detaining him under a theft indictment that was obtained through the knowing use of false testimony, fabricated evidence, and misrepresentations, or by concealing material evidence. (Docket Entry No. 104, p. 18.)[4]

Plaintiff does not set forth specific facts in his fourth amended complaint under "False Imprisonment" identifying the alleged false testimony, fabricated evidence, material

---

[4]Plaintiff also asserts he was "falsely arrested." In defending a false arrest claim under section 1983, a reasonably competent officer who objectively concludes that an arrest warrant should issue is entitled to qualified immunity, even if officers of reasonable competence could disagree on this issue. *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Whether the crime actually occurred or whether a suspect is eventually convicted is irrelevant to the probable cause analysis. *Morris v. Dillard Dept. Stores*, 277 F.3d 743, 754 n. 10 (5th Cir. 2001). Plaintiff, however, was not arrested under the theft charge here, and no arrest warrant was issued, as he was already in custody on other charges when the theft charge was filed. Liberally construed, plaintiff's factual allegations assert claims for false imprisonment and/or unlawful detention.

misrepresentation or concealed exculpatory evidence.  (Docket Entry No. 104, pp. 18-19.)
However, in his response to the motion for summary judgment, plaintiff argues that Max
Humble's inconsistent statements in the assault and theft incident reports "prove" that the
theft charges were false and fabricated.  Specifically, plaintiff argues that, in the assault
incident report, Humble told deputies that plaintiff had attempted to leave the scene on foot,
was grabbed by Humble, and that plaintiff then struck Humble; in the theft incident report,
however, Humble told deputies that plaintiff had struck him and was then apprehended by
police trying to flee the scene in the stolen truck.  (Docket Entry No. 135, pp. 2, 13.)

Plaintiff misstates the incident reports.  In his statement of September 26, 2007, in the
theft incident report, Humble stated that plaintiff had "attempted to flee the scene in the
stolen vehicle," whereas in his statement of September 14, 2007, in the assault incident
report, Humble had stated that "defendant then attempted to leave the scene" and that he
"feared the defendant was going to continue to assault him and then flee the scene in his
vehicle."  Humble did not report that plaintiff had tried to walk away or flee on foot.  In the
assault incident report, Humble reported that he had grabbed plaintiff to prevent him from
leaving  and plaintiff struck him; in the theft incident report, Humble stated that when he
confronted plaintiff in the truck, plaintiff struck him and attempted to flee in the stolen truck
but was apprehended at the scene.  Thus, it appears that the "false" and "fabricated"
information arises from Humble's statements to the deputies regarding the events of
September 14, 2007, which the deputies then relied upon in contacting the district attorney.

21

The existence of these alleged inconsistencies does not give rise to "false" criminal charges or state a claim for false imprisonment.

False imprisonment consists of detention without legal process. *Wallace v. Kato*, 549 U.S. 384, 389 (2007). Plaintiff fails to present probative summary judgment evidence that his detention for theft was without legal process. To the contrary, the uncontroverted evidence shows that the theft charges were filed by an assistant district attorney, and that plaintiff remained detained under those charges until the charges were subsequently dismissed. Plaintiff's disagreement with the veracity of those charges, or his argument that the underlying facts were contradictory or conflicting, does not establish a lack of legal process, nor is a lack of legal process shown by the fact of the dismissal itself. Plaintiff's conclusory assertions that the movants "knew" that the theft charges were "false" at the time the charges were filed is unsupported by probative summary judgment evidence and insufficient to raise a genuine issue of material fact precluding summary judgment.

Movants are entitled to summary judgment under plaintiff's claims for false imprisonment and unlawful detention, and the claims are DISMISSED.

### Dismissal of Claims Against Non-Movant Defendants

#### Standard of Review

Because plaintiff was incarcerated at the time he filed this lawsuit, his complaint is governed by the Prison Litigation Reform Act ("PLRA"). Under the PLRA, the district court is to screen a prisoner's complaint and scrutinize the claims. It must dismiss the complaint,

in whole or in part, if it determines that the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

Although a *pro se* litigant's pleadings are to be construed liberally, *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983), *pro se* litigants are not exempt from compliance with the relevant rules of procedure and substantive law.  *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981).

In reviewing the complaint, this Court takes the factual allegations of the complaint as true, and draw all reasonable inferences, and resolve ambiguities, in the plaintiff's favor. *See Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).  However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.  *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009); *see also Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).  Bare recitals of the elements of a cause of action, supported by mere conclusory statements, will not suffice to either obtain, or prevent, dismissal for failure to state a claim.  *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007).

Under *Iqbal–Twombly*'s two-pronged approach, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 555.  The first step for the Court is to determine those pleadings that are more than just "mere conclusions"

and thus are entitled to the presumption of truth. *Iqbal*, 129 S. Ct. at 1949–50. Then, assuming the veracity of these facts, the Court must determine whether the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and "plausibly give[s] rise to an entitlement to relief." *Id.*; *see also Rhodes v. Prince*, 360 F. App'x 555, 557 (5th Cir. 2010). If the pleadings fail to meet the requirements of *Iqbal* and *Twombly*, no viable claim is stated and the pleading is subject to dismissal. The same standards for review of a motion to dismiss under Rule 12(b)(6) apply to a court's *sua sponte* dismissal under section 1915A. *Hart v. Hairston*, 343 F.3d 762, 763-64 (5th Cir. 2003).

*Factual Allegations*

Plaintiff alleges that in 2007, during his employment with Brantley Trucking, Inc., as a commercial truck driver, he became aware that one or more of the Brantley Defendants were violating federal trucking laws. After he confronted Max Humble with his discovery, they assaulted him in his company truck and forced him out at gunpoint. The police were called, and the Brantley Defendants told the police officers that plaintiff had stolen the truck and assaulted them when they demanded the truck's return. Plaintiff was arrested on assault charges and, three days later, pleaded guilty to assault with bodily injury. On September 27, 2007, prior to his release from jail on the assault charges, theft charges were filed against him for his refusal to return the truck to the Brantley Defendants. Plaintiff refused to plead guilty, and remained in jail until the charges were dismissed five months later on February 29, 2008.

24

He complains that the theft charges were false and had been resolved by the assault plea, and that the Harris County Defendants and District Attorney Defendants had refused to take any action against the Brantley Defendants or investigate his claim that they had assaulted him.

Plaintiff asserts claims for malicious prosecution, false imprisonment, unlawful detention, intentional infliction of emotional distress, denial of due process and equal protection, conspiracy and retaliation, cruel and unusual punishment, federal "whistleblower" violations, negligence and negligent hiring, training, and supervision, assault and battery, and fraud. He seeks $10 million in compensatory damages and $30 million in punitive damages.

### Official Capacity Claims – Sovereign Immunity

The Harris County Defendants and District Attorney Defendants are officials or employees of Harris County. A suit against a government official or employee in his official capacity is actually a suit against the governmental entity that employs him. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996). To establish liability under section 1983 in an official capacity action, a plaintiff must show that an official government policy or custom was the moving force behind the alleged civil rights deprivation. *See*, *e.g*., *James v. Harris County*, 577 F.3d 612, 617-18 (5th Cir. 2009). Plaintiff's allegations of a policy or practice against the filing of cross-charges is not viable, as private citizens have no constitutional right to have criminal charges brought against another citizen. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990).

25

Plaintiff makes no allegations in his fourth amended complaint to support his official capacity claims, and his official capacity claims against the Harris County Defendants and District Attorney Defendants are DISMISSED WITH PREJUDICE.

*The District Attorney Defendants*

Plaintiff asserts claims against one or more of the District Attorney Defendants for double jeopardy, malicious prosecution, false imprisonment, intentional infliction of emotional distress, denial of equal protection and due process, cruel and unusual punishment, retaliation, negligence and negligent hiring, training, and supervision.  His claims against the Harris County District Attorney's Office are claims against Harris County, and meets the same fate as his claims against Harris County.  Because he failed to assert facts of a viable municipality claim against Harris County, these claims also fail.

Further, as already shown, plaintiff's claims for malicious prosecution, intentional infliction of emotional distress, and his negligence-based claims are state law claims and fail to raise section 1983 claims.  Accordingly, these claims are DISMISSED for failure to state a claim solely to the extent the claims are asserted under section 1983.

To the extent plaintiff complains that the individual District Attorney Defendants, in their individual capacities, failed or refused to prosecute criminal charges against the Brantley Defendants, his claims fail.  It is well settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to compel criminal investigation or prosecution.

*See United States v. Batchelder*, 442 U.S. 114, 124 (1979) (discussing prosecutorial discretion); *see also Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990) ("Contrary to [plaintiff's] contention, he does not have a constitutional right to have someone criminally prosecuted.").  Therefore, it is clear that plaintiff's claims against the District Attorney Defendants for their refusal to investigate or prosecute charges against one or more of the Brantley Defendants have no arguable basis in law, and are DISMISSED for failure to state a claim upon which relief may be granted.

Moreover, prosecutors are absolutely immune from liability in section 1983 suits brought against prosecutorial actions that are "intimately associated with the judicial phase of the criminal process," *Imbler v. Pachtman*, 424 U.S. 409, 428, 430 (1976), because of "concern that harassment by unfounded litigation" could both "cause a deflection of the prosecutor's energies from his public duties" and lead him to "shade his decisions instead of exercising the independence of judgment required by his public trust." *Id*. at 423.  *See Van de Kamp v. Goldstein*, 555 U.S. 335, 357 (2009).  Plaintiff's bald assertions that the prosecutors "knew" the theft charges were false are insufficient to give rise to a viable claim, and plaintiff does not allege that the District Attorney Defendants agreed not to prosecute theft charges in exchange for his plea to the assault charges.  The actions of the District Attorney Defendants as alleged by plaintiff in his fourth amended complaint pursuing, or refusing to pursue, criminal charges are of  prosecutorial conduct and, as such, are subject to absolute immunity.  Plaintiff's claims for double jeopardy, false imprisonment, denial of

equal protection and due process, and cruel and unusual punishment are DISMISSED as barred by prosecutorial immunity.

Although plaintiff includes a listed claim for retaliation against one or more of the District Attorney Defendants, a careful review of his fourth amended complaint reveals no factual allegations regarding the claim. In similar fashion, plaintiff asserts in conclusory terms that one or more of the District Attorney Defendants knowingly withheld material evidence regarding the theft charges, but he fails to set forth factual allegations of such evidence or show how the evidence was relevant to the decision to pursue a theft charge against him.

The Court further notes that the Supreme Court has extended prosecutorial immunity to include certain administrative actions, including the failure to train adequately or supervise other prosecutors to protect a defendant's rights. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 129 S. Ct. 855, 864-65 (2009). Thus, plaintiff asserts no viable section 1983 claim against the District Attorney Defendants for failure to train or supervise.

Accordingly, plaintiff's claims against the District Attorney Defendants are DISMISSED for failure to state a claim upon which relief may be granted.

*The Assault Charge, Prosecution, and Conviction*

Given a liberal construction, plaintiff's fourth amended complaint seeks monetary damages arising from the criminal charge, prosecution, and conviction for plaintiff's assault

of Max Humble.  Plaintiff acknowledges that he pleaded guilty to the criminal assault charges, but attempts here to argue that the charges were false.

In order to recover damages for an allegedly unconstitutional proceeding or for other harm caused by actions whose unlawfulness would render a conviction or incarceration invalid, a section 1983 plaintiff must prove that the underlying ground for incarceration, whether by conviction or other means, has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254.  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  A claim for damages bearing that relationship to a conviction or incarceration that has not been so invalidated is not cognizable under section 1983.  *Id.*

A favorable ruling by this Court on plaintiff's section 1983 claims regarding the assault charges, prosecution, and conviction would necessarily imply the invalidity of the criminal proceedings and conviction, and these claims must be dismissed until plaintiff has satisfied the *Heck* requirements.  *See* 512 U.S. at 487; *Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000) (holding that an inmate seeking damages pursuant to section 1983 for unconstitutional imprisonment who has not satisfied the favorable termination requirement of *Heck* is barred from any recovery and fails to state a claim upon which relief may be granted).  Accordingly, plaintiff's claims seeking monetary damages arising from the assault charges, prosecution, and conviction  are DISMISSED as barred by *Heck*.

*Federal "Whistleblower" Claims*

Plaintiff claims that one or more of the Brantley Defendants violated his protections under the federal "whistleblower" statutory provision of 49 U.S.C. § 31105, which applies to employment involving commercial motor vehicles.  Under that provision, a person may not "discharge an employee, or discipline or discriminate against an employee regarding pay, terms, or privileges of employment," for engaging in certain protected conduct.  *See* 49 U.S.C. § 31105(a)(1).  Plaintiff, however, does not allege facts showing that he was discharged in violation of the statute.  Likewise, because the statute appears to contemplate proceedings before the Secretary of State, he does not show that a cause of action exists.  *Id.*, section 31105(b); *see also Lewis Grocer Co. v. Holloway*, 874 F.2d 1008 (5th Cir. 1989). Plaintiff's section 31105 claims are DISMISSED for failure to state a claim upon which relief may be granted.

*The Brantley Defendants*

Plaintiff asserts that one or more of the Brantley Defendants, who are private actors, engaged in a retaliatory conspiracy to prevent plaintiff from reporting trucking company violations, and ordered him to commit illegal and unsafe acts during his employment as a commercial trucker.  He further claims that they failed to hire, train, and supervise employees properly, assaulted him, wrongfully terminated his employment, and filed, and conspired to file, false criminal charged against him through providing false and misleading evidence and concealing favorable evidence.  Plaintiff also claims that, on September 14, 2007, one or

30

more Brantley Defendants exhibited a firearm and death threats to unlawfully detain plaintiff, and that such actions were ratified or ordered by a principal or managerial agent of Brantley Trucking.

Plaintiff filed this lawsuit pursuant to section 1983.  To prevail under section 1983, a civil rights plaintiff must demonstrate (1) a violation of the Constitution or of federal law; and (2) that the violation was committed by someone acting under color of state law.  *See Atteberry v. Nocona Gen. Hosp*., 430 F.3d 245, 252-53 (5th Cir. 2005).  That is, "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." *Lugar v. Edmundson Oil Co.*, 457 U.S. 922. 936 (1982).  The party charged with the deprivation must be a person who may fairly be said to be a state actor – one who is, in fact, a state officials, one who has acted with or has obtained significant aid from state officials, or one whose conduct is otherwise chargeable to the State.  *Id*., at 937.  The Brantley Defendants are not state actors, and plaintiff sets forth no factual allegations to the contrary. Even assuming the Brantley Defendants conspired among themselves, it would not give rise to a viable section 1983 claim, as they remain private actors.

Nevertheless, a private individual may act under color of law in certain circumstances, such as when a private person is involved in a conspiracy or participates in joint activity with state actors.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150-52 (1970).  However, a civil rights plaintiff claiming conspiracy must allege facts showing that the defendants agreed to

commit an illegal act.  *See Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982).  Here, plaintiff neither establishes the violation of a constitutional right nor pleads facts sufficient to show an agreement among the defendants to commit such an act.  His conclusory allegations to the contrary do not warrant section 1983 relief.  *See Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992); *Streetman v. Jordan*, 918 F.2d 555, 557 (5th Cir. 1992).  Absent specific facts showing that the Brantley Defendants as private actors knowingly participated in the alleged conspiracy by acting together by agreement with state officials to deprive plaintiff of his constitutional rights, plaintiff fails to state an actionable claim for conspiracy.  *See Ballard v. Wall*, 413 F.3d 510, 518-19 (5th Cir. 2005).

In his fourth amended complaint, plaintiff asserts that the Brantley Defendants are liable for his false arrest because "they participated in a joint effort (conspiracy) with [defendant deputy Smith], therefore acting under color of state law, in securing the plaintiff's arrest/detention on a known false charge,"  (Docket Entry No. 104, p. 16.)  Thus, plaintiff asserted state action based on the joint action test.

To maintain a claim that a private citizen is liable under section 1983 on the basis of joint action with state officials, a plaintiff must allege facts showing that the private actors were willful participants in joint action with the State or its agents.  *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).  It is well settled that private parties do not become state actors merely by calling upon law enforcement for assistance.  *Daniel v. Ferguson*, 839 F.2d 1124, 1130 (5th Cir. 1988).

Plaintiff's conclusory allegations are insufficient to raise a viable claim for state action based on a joint enterprise. *See Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995); *Hernandez v. Maxwell*, 905 F.3d 94, 95 (5th Cir. 1990). Absent an allegation that plaintiff was harmed as a result of state action by the Brantley Defendants, the fourth amended complaint fails to state a claim against them under section 1983 as a matter of law. *See Biliski*, 55 F.2d at 162. Plaintiff's section 1983 claims against the Brantley Defendants are DISMISSED for failure to state a claim upon which relief may be granted.

Plaintiff also names the Brantley Defendants in their official capacities. The Brantley Defendants, however, are not government officials or employees and have no "official capacity." Plaintiff's claims against the Brantley Defendants in their official capacities are DISMISSED for failure to state a claim upon which relief may be granted.

### False Imprisonment and/or Unlawful Detention

Plaintiff claims that Deputy Smith provided false information and withheld exculpatory evidence in seeking criminal charges against plaintiff for theft. In support, plaintiff states that any factual or legal basis for a theft charge had been resolved in his favor through resolution of the assault charge. In making this argument, plaintiff again looks to the inconsistencies between Humble's statements in the assault and theft incident reports.

Plaintiff further claims that one or more of the Harris County Defendants and the District Attorney Defendants unlawfully confined him in jail without probable cause through use of false testimony, fabricated evidence, misrepresentations and withholding of evidence

in order to obtain an indictment for the theft charge.  However, as plaintiff was indicted for theft by a grand jury, the probable cause aspect of his detention is moot.

In claiming that the charge was false and obtained through use of misrepresentations and the withholding of evidence, plaintiff again asserts that the assault plea negated the theft charge, that Humble's statements in the incident reports were inconsistent, and that his requests for criminal charges against Humble were denied.  As the Court has already stated, plaintiff does not allege that the State agreed not to pursue a theft charge in exchange for his plea to the assault charge; Humble's inconsistencies in the incident reports do not suffice to raise a viable section 1983 claim for a false or fabricated theft charge or indictment; and private citizens enjoy no constitutional right to have criminal prosecution brought against another individual.

Plaintiff's conclusory assertions of false imprisonment and/or unlawful detention under section 1983 are insufficient to overcome a section 1915A dismissal.  These claims are DISMISSED for failure to state a claim upon which relief may be granted.

*Double Jeopardy*

Plaintiff claims that one or more of the Harris County Defendants and District Attorney Defendants pursued the false theft charge even though the assault charges had been resolved.  It is plaintiff's contention that the theft and assault charges were mutually exclusive and that the theft charge violated his constitutional protections against double

jeopardy. Plaintiff further argues that theft charges had been rejected on September 14, 2007, and were negated by his September 17, 2007, guilty plea to the assault charge.

As previously stated, the criminal charges for assault and theft were separate, legally unrelated offenses, for which the prosecution or conviction of one would generally not prohibit the prosecution or conviction for the other. Thus, the fact that these two charges were initiated does not constitute double jeopardy. Moreover, plaintiff does not allege facts showing that the State had agreed not to prosecute theft charges in exchange for his plea to the assault charges. Plaintiff's pleading that he wanted to "resolve all complaints regarding September 14, 2007" by pleading guilty to the assault charge, does not give rise to a double jeopardy violation either factually or legally. *See Iqbal*, 129 S. Ct. at 1950. Plaintiff's conclusory assertions of a double jeopardy violation under section 1983 are insufficient to overcome a section 1915A dismissal. Plaintiff's double jeopardy claim against the non-movant defendants is DISMISSED for failure to state a claim upon which relief may be granted.

*Malicious Prosecution*

Under this claim, plaintiff asserts that one or more of the Harris County Defendants and the District Attorney Defendants initiated and pursued false theft charges against him in full awareness that the charges were false or fabricated.

The Court has already stated that there is no recognized free standing constitutional claim for malicious prosecution under section 1983, citing *Castellano v. Fragozo*, 352 F.3d

939, 945 (5th Cir. 2003).  Thus, to the extent plaintiff complains that one or more of the non-movants subjected him to malicious prosecution, he fails to state a valid claim under section 1983.  Plaintiff's section 1983 claims against the non-movants for malicious prosecution are DISMISSED for failure to state a claim upon which relief may be granted.

*Equal Protection*

Plaintiff complains that one or more Harris County Defendants and District Attorney Defendants denied him equal protection by failing or refusing to investigate crimes allegedly committed against him by Humble.  Specifically, he argues that they refused to take any action regarding his claims that Humble had assaulted him and unlawfully detained him with a firearm on September 14, 2007, or that the theft charges were false.

As already noted, plaintiff makes no assertion that he is a member of a protected class for purposes of equal protection.  *See Sir Williams v. Bramer*, 180 F.3d at 705.  To the extent plaintiff can be seen as raising a "class of one" equal protection claim that he was intentionally treated differently from others similarly situated without a rational basis for the difference in treatment, plaintiff's conclusory allegations provide insufficient factual information from which this or any other court could ascertain whether he was "similarly situated" or "treated differently."  *See Iqbal*, 129 S. Ct. at 1950.  Nor, as the Court has already discussed, does plaintiff have a constitutional right to have criminal prosecution investigated or commenced against Humble.  Plaintiff's conclusory assertions are insufficient to overcome a Section 1915A dismissal, and no equal protection claim is raised.  Plaintiff's

equal protection claim against the non-movant defendants is DISMISSED for failure to state a claim upon which relief may be granted.

*Due Process Claims*

Plaintiff contends that one or more Harris County Defendants and District Attorney Defendants denied him due process by refusing to investigate criminal acts taken against him by Humble on September 14, 2007.  He further complains that they denied him due process by filing, and confining him under, false theft charges.

Again, plaintiff has no constitutional right to have Humble's actions investigated or prosecuted, and no denial of due process has been alleged.  Moreover, plaintiff's conclusory assertions that these defendants knew the theft charges were false when filed raise no viable section 1983 claim and are insufficient to defeat a section 1915A dismissal.

Plaintiff's due process claims against the non-movant defendants are DISMISSED for failure to state a claim under section 1983 upon which relief may be granted.

*Cruel and Unusual Punishment*

Plaintiff alleges that one or more of the Harris County Defendants and District Attorney Defendants intentionally kept plaintiff in jail from September 27, 2007, to February 29, 2008, pursuant to theft charges they knew were false.  He states that, "The act of filing and pursuing a false complaint in [the theft case] was intended to hand out more punishment then [sic] what was agreed upon on September 17, 2007."

To the extent plaintiff is attempting to raise a Fourteenth Amendment due process claim as to his pretrial detention, his conclusory allegations provide insufficient factual information from which this or any other court would ascertain whether his pretrial confinement under the theft charge and indictment constituted cruel and unusual punishment. *See Iqbal*, 129 S. Ct. At 1950.  Plaintiff does not allege that, in exchange for his guilty plea to the assault charge on September 17, 2007, the State affirmatively agreed not to pursue theft charges against plaintiff.  Thus, he does not show that the theft charge was "intended to hand out more punishment then [sic] what was agreed upon on September 17, 2007."

Plaintiff's conclusory assertions are insufficient to overcome a Section 1915A dismissal, and no claim for cruel and unusual punishment is raised.  Plaintiff's section 1983 claim against the non-movant defendants for cruel and unusual punishment is DISMISSED for failure to state a claim upon which relief may be granted.

*Conspiracy*

Plaintiff claims that the false arrest, false imprisonment, and malicious prosecution for false theft charges, and other causes of action were the  product of one or more conspiracies between and among two or more Harris County Defendants, Brantley Defendants, and District Attorney Defendants.

To state a claim for conspiracy under section 1983, a plaintiff must allege the existence of (1) an agreement to do an illegal act and (2) an actual constitutional deprivation. *Cinel v. Cannock*, 15 F.3d 1338, 1343 (5th Cir. 1994).  To that end, plaintiff is required to

plead enough facts to state a claim for relief that is plausible on its face. *Twombly*, 127 S.
Ct. at 1974. General conclusory charges of conspiracy with no specific allegation of facts
tending to show a prior agreement cannot survive a motion to dismiss. The complaint must
include specific factual allegations showing a prior agreement, plan or meeting of the minds
between the defendants and the state actor. The bare assertion of a conspiracy will not
suffice. *Id.* at 1966.

Further, as to plaintiff's assertion that the Harris County Defendants and District
Attorney Defendants conspired among one another to violate plaintiff's constitutional rights,
the Court finds that the intra-corporate conspiracy doctrine requires dismissal of the claim.
Under Fifth Circuit law, a municipality and its employees are considered to be a single legal
entity, and the entity is therefore incapable of conspiring with itself for purposes of satisfying
the requirements of section 1983. *See Hillary v. Ferguson*, 30 F.3d 649, 653 (5th Cir. 1994).
Plaintiff's conclusory assertions of one or more conspiracies are insufficient to defeat a
section 1915A dismissal, and no viable conspiracy claim is raised.

Plaintiff's conspiracy claims against the non-movant defendants under section 1983
are DISMISSED for failure to state a claim upon which relief may be granted.

*Retaliation*

Plaintiff asserts that one or more of the non-movants retaliated against him. The
factual basis for this claim as against the government defendants is entirely unclear. In his
fourth amended complaint, plaintiff alleges that the defendants pursued the false theft charges

after he threatened "to file suit over previous misconduct." The only "previous misconduct" clearly asserted by plaintiff in the complaint is his assertions that the Brantley Defendants had violated certain federal agency regulations regarding commercial trucking. Plaintiff sets forth no factual allegations disclosing the nature and substance of this purported previous misconduct, nor does he set forth any elements or supporting facts necessary to plead a claim for retaliation under section 1983. In particular, he fails to assert any facts establishing a retaliation claims as to the governmental defendants.

Plaintiff's retaliation claim is nothing more than a conclusory allegation with no supporting facts pleaded, a fatal defect under *Twombly*. Plaintiff's claim for retaliation under section 1983 is DISMISSED for failure to state a claim upon which relief may be granted.

### State Law Claims

Federal courts are courts of limited jurisdiction. They adjudicate claims arising from violations of federal law including the U.S. Constitution, claims in which diversity of the parties is present, and pendant state law claims over which the court may exercise supplemental jurisdiction. Since the Court has concluded that plaintiff's federal claims are subject to dismissal, no federal question remains before the Court. Although this fact alone does not divest the court of jurisdiction, in *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988), the Supreme Court stated that "in the usual case in which all federal law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining

to exercise jurisdiction over the remaining state law claims." Moreover, the general rule in this circuit is to dismiss state claims when the federal claims they supplement are dismissed. *Parker & Parsley Petroleum Co. v. Dresser Industries*, 972 F.2d 580, 585 (5th Cir. 1992).

Because the Court has concluded that all of the federal claims asserted in this action are subject to dismissal, the Court declines to exercise supplemental jurisdiction over any remaining state law claim that plaintiff may be attempting to assert. See 28 U.S.C. § 1367(c)(3) (providing that a district court may decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which it has original jurisdiction). Accordingly, plaintiff's state law claims are DISMISSED WITHOUT PREJUDICE to being pursued in state court.

## Conclusion

The Court ORDERS as follows:

(1)   The motion for summary judgment (Docket Entry No. 122) is GRANTED and plaintiff's section 1983 claims for damages against Harris County, Adrian Garcia, and Tommy Thomas are DISMISSED WITH PREJUDICE.

(2)   Plaintiff's section 1983 claims for damages against Brantley Trucking, Max Humble, Mrs. Humble, and  William Keith Ezernack are DISMISSED WITH PREJUDICE for failure to state a claim.

(3)   Plaintiff's section 1983 claims for damages arising from his criminal charge and conviction  for assault are DISMISSED WITH PREJUDICE for failure to state a claim.

41

(4)     Plaintiff's section 1983 claims against the Harris County Defendants and the
        District Attorney Defendants in their official capacities   are DISMISSED
        WITH PREJUDICE for failure to state a claim.

(5)     Plaintiff's state law claims against the defendants are DISMISSED WITHOUT
        PREJUDICE to being pursued in state court.

THIS IS A FINAL JUDGMENT.

The Clerk will provide copies of this order to the parties.

Signed at Houston, Texas on September 22, 2011.

_____
Gray H. Miller
United States District Judge